IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00290-PAB-BNB

KATRINA M. HICKS,

Plaintiff,

v.

DENVER HOUSING AUTHORITY,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter arises in connection with my Order to Show Cause [Doc. # 18, filed 5/2/2013]. I respectfully RECOMMEND that the Order to Show Cause be made absolute and that this case be dismissed without prejudice for lack of prosecution and failure to comply with court orders.

By a Minute Order [Doc. # 16, filed 4/4/2013] I set this matter for a scheduling conference to occur on May 2, 2013. Among other things, I required the parties to confer and submit a proposed scheduling order by April 25, 2013. Because the plaintiff is proceeding pro se and resides in Tennessee, I specifically allowed her to attend the scheduling conference by telephone. Minute Order [Doc. # 16] at p. 3.

The plaintiff failed and refused to cooperate in the preparation of a proposed scheduling order, despite the efforts by the defendant to obtain her input. [Proposed] Scheduling Order [Doc. # 17] at pp. 1-2. Consequently, the draft scheduling order did not contain a statement of the plaintiff's claims, the plaintiff's computation of damages, or the plaintiff's input into

discovery limitations or the case plan or schedule. Id. at pp. 3, 5, and 8-10. Nor did the plaintiff make Rule 26(a)(a) disclosures, despite my order requiring that those disclosures be completed by April 25, 2013. Minute Order [Doc. # 16] at p. 3; [Proposed] Scheduling Order [Doc. # 17] at p. 5. Although defense counsel appeared for the scheduling conference as ordered, the plaintiff neither appeared nor did she contact the court in any way.

I entered an Order to Show Cause [Doc. # 18] commanding the plaintiff to demonstrate why the case should not be dismissed for lack of prosecution and failure to comply court orders. The plaintiff responded that she is attempting to engage a lawyer to assist with the case; requested a continuance of the lawsuit while she located a lawyer; and claimed that the time of the scheduling conference was not convenient. Response [Doc. # 21, filed 5/9/2013].

I refused to delay the suit while the plaintiff attempted to find a lawyer. Order [Doc. # 23, filed 5/15/2013]. Instead, I warned the plaintiff that so long as she is proceeding pro se she must comply with all court orders and time limitations established by any applicable rule, and I cautioned her that her failure to do so could result in the case being dismissed. Id. Finally, I set a supplemental scheduling conference for today at 2:30 p.m.; ordered the plaintiff to attend by telephone; and ordered the plaintiff to cooperate in the preparation of a scheduling order by providing to defense counsel all information necessary for its completion. Id.

Once again the plaintiff failed to comply with my order. I am informed that the plaintiff "failed to respond to defense counsel's attempt to confer" and, instead, "simply filed a proposed scheduling order with her additions, including an undisputed fact section that was not discussed with Defendant's counsel." Second Proposed Scheduling Order [Doc. # 25] at p. 1. The plaintiff also failed to appear or to call the court at the appointed time to participate in the

supplemental scheduling conference.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

The plaintiff has repeatedly failed to participate in court ordered conferences and to comply with my orders, my Order to Show Cause notwithstanding. In view of this misconduct by the plaintiff,

I respectfully RECOMMEND[1] that the Order to Show Cause [Doc. # 18] be made ABSOLUTE and that this action be DISMISSED without prejudice for lack of prosecution and for failure to comply with court orders.

Dated June 6, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).