IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00290-PAB-BNB

KATRINA M. HICKS,

    Plaintiff,

v.

DENVER HOUSING AUTHORITY,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 30] filed on June 6, 2013.  The magistrate judge recommends that this case be dismissed without prejudice for failure to prosecute pursuant to D.C.Colo.LCivR 41.1 and for failure to comply with Court orders.  Docket No. 30 at 1.  Plaintiff KaTrina Hicks filed a timely objection to the Recommendation [Docket No. 31].  Therefore, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

    The magistrate judge recommends dismissal without prejudice because, after having been specifically instructed to "comply with all court orders and time limitations established by any applicable rule," Docket No. 23 at 2, plaintiff failed to confer with defendants to agree upon a proposed scheduling order and failed to appear in person or via telephone at the scheduling conference set for June 6, 2013 without informing the

Court that she would be unable to participate.  *See* Docket Nos. 24, 25, and 28. Plaintiff objects to dismissal on the grounds that she suffered two family emergencies during the week of June 6, 2013 that required her to travel out of state and she did not bring the Court's contact information with her.  Docket No. 31 at 1.  She further states that she has been unable to coordinate with defendant's counsel on a proposed scheduling order "because of [defense counsel's] unwillingness to work with me.  She was not professional and was very condescending over the telephone."  *Id*.

"When dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'" *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158 (10th Cir. 2007)).

While a true family emergency may prevent a litigant from making a scheduled Court appearance, only the most extreme and unusual circumstances justify failing to notify the Court in advance.  Ms. Hicks fails to indicate why the death in the family caused her to be unable to call in for the June 6, 2013 hearing or, at the very least, notify the Court that she could not.  While Ms. Hicks states that she "did not have the information needed to contact the court to reschedule," Docket No. 31 at 1, her failure to obtain the Court's contact information from the internet or an easily accessible directory service does not constitute "good cause."  Likewise, declining to file a joint scheduling order because of personal differences with opposing counsel does not constitute good cause for failing to comply with a Court order.  Moreover, the record establishes that, after plaintiff's initial failure to comply with a Court order, *see* Docket

No. 17, the magistrate judge gave her clear warning of the consequences that would follow further noncompliance.  See Docket No. 18.  Plaintiff's objection does not demonstrate "good cause" sufficient to preclude dismissal without prejudice pursuant to D.C.Colo.LCivR 41.1.  Wherefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 30] is ACCEPTED.  It is further

**ORDERED** that the Order to Show Cause [Docket No. 18] is made ABSOLUTE.  It is further

**ORDERED** that this case is DISMISSED without prejudice.

DATED June 18, 2013.

                                          BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge